IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| AMERICAN AIRLINES, INC., | § |  |
|---|---|---|
|  | § |  |
| Plaintiff, | § |  |
|  | § |  |
| VS. | § | NO. 4:08-CV-069-A |
|  | § |  |
| BIZTRAVELDEALS.COM d/b/a | § |  |
| CHEAPOAIR.COM, ET AL., | § |  |
|  | § |  |
| Defendants. | § |  |

MEMORANDUM OPINION
and
ORDER

After having considered (1) the notice of removal filed by defendants Fareportal, Inc., and Travelong, Inc., by which the above-captioned action was removed from state court to this court on February 1, 2008, (2) the motion to remand and related documents filed by plaintiff, American Airlines, Inc., on February 29, 2008, (3) the response of Fareportal, Inc., and Travelong, Inc., to the motion remand, (4) plaintiff's reply to the response, and (5) pertinent legal authorities, the court has concluded that this action should be remanded to the state court from which it was removed.

Removal was made on the authority of 28 U.S.C. § 1441(b).[1] The removing parties contend in their notice of removal that this court has jurisdiction by reason of the provisions of 28 U.S.C. § 1331 (federal-question jurisdiction) and 28 U.S.C. § 1338(a) ("giving district courts original jurisdiction of any civil action arising under any act of Congress relating to . . . copyrights," which is to be "exclusive of the courts of the states in . . . copyright cases"). Federal-question jurisdiction is based on the contention of the removing parties that one or more of the claims asserted by plaintiff in this action are, by virtue of 17 U.S.C. § 301(a), preempted by the copyright laws of the United States.[2]

---

[1]Title 28 U.S.C. § 1441(b) reads in pertinent part as follows:

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable without regard to the citizenship or residence of the parties.

[2]Title 27 U.S.C. § 301(a) reads as follows:

(a) On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this

(continued...)

Plaintiff responds that preemption does not apply to any of the claims it asserted in its state court pleading, and that all its claims are purely state law in nature.

The party invoking federal court removal jurisdiction bears the burden of establishing federal court jurisdiction over the claims asserted in the state court suit. <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365 (5th Cir. 1995); <u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir. 1988). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . ." <u>Carpenter</u>, 44 F.3d at 365. Therefore, strict construction of the removal statute is mandated. <u>Id.</u> at 366.

When removal is sought under 28 U.S.C. § 1441(b), the right of removal depends on the existence of a claim or claims within the federal-question jurisdiction of the district courts--actions arising under the Constitution, laws, or treaties of the United States. <u>Id.</u> Remand is the proper course if there is any doubt

---

²(...continued)
title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

about the existence of jurisdiction. Delgado v. Shell Oil Co., 890 F. Supp. 1324, 1341 (S.D. Tex. 1995).

Whether federal-question jurisdiction exists is determined under the "well-pleaded complaint" rule. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983). That is, the existence of federal-question jurisdiction is determined solely from what appears on the face of the plaintiff's complaint. Id. at 10; Willy, 855 F.2d at 1165. "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987). "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. at 392.

An exception to the well-pleaded complaint rule exists where there is complete preemption of the state claim by federal law. Id. at 393. Complete preemption applies only in extraordinary circumstances when Congress intends not only to preempt certain

state law, but to replace it with federal law. <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 66 (1987); <u>Willy</u>, 855 F.2d at 1165. It requires a clearly manifested congressional intent to make causes of action removable to federal court. <u>Aaron v. National Union Fire Ins. Co.</u>, 876 F.2d 1157, 1163 (5th Cir. 1989); <u>Willy</u>, 855 F.2d at 1166. In <u>Caterpillar</u>, the Supreme Court explained:

> On occasion, the Court has concluded that the preemptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." <u>Metropolitan Life Insurance Co.</u>, <u>supra</u>, at 65, 107 S. Ct. 1542. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. <u>See</u> <u>Franchise Tax Board</u>, <u>supra</u> at 24, 103 S. Ct. 2841 ("[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law").

482 U.S. at 393 (footnote omitted).

The Court concluded the opinion in <u>Caterpillar</u> by emphasizing that:

> [T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule- that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause

5

> heard in state court. . . . a <u>defendant</u> cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

<u>Id.</u> at 398-99 (footnote omitted). Perhaps more to the point here, in <u>Franchise Tax Board</u> the Court provided a definitive explanation of the limited circumstances when there can be a removal based on federal-question jurisdiction, saying:

> Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

463 U.S. at 27-28.

A conclusion that necessarily follows from the principles stated above is that for the removing parties to succeed in their contention that there has been a complete preemption that causes this court to have removal jurisdiction over plaintiff's claims they would have to satisfy their burden to demonstrate that at least one of the causes of action alleged by plaintiff comes within the scope of a federal cause of action or that

6

"plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Id.

The court has not been persuaded by the arguments and authorities presented by the moving defendants that any of the causes of action alleged by plaintiff come within the scope of a federal cause of action or that any relief plaintiff seeks necessarily depends on resolution of a substantial question of federal law. The court cannot tell for certain from the response of the removing parties the precise nature of the preemption they are asserting. If the moving parties are contending that removal was appropriate solely on the basis of defensive preemption, that would be a matter to be dealt with by the state court. See Caterpillar, 482 U.S. at 398 ("[t]he fact that a defendant might ultimately prove that a plaintiff's claims are preempted . . . does not establish that they are removable to federal court").

The court recognizes that there is authority, such as Rosciszewski v. Arete Assocs., Inc., 1 F.3d 225 (4th Cir. 1993), that might support an argument that if there is any preemption pursuant to 17 U.S.C. § 301(a), even purely defensive preemption, the case necessarily is removable for that reason. 1 F.3d at 229, 231-33. The court is not persuaded that the existence of no more than a preemption defense under 17 U.S.C. § 301(a) causes a

case filed in state court to be removable to federal court. The Rosciszewski court gave weight to 28 U.S.C. § 1338(a) as providing proof of congressional intent that the preemptive force of § 301(a) is stronger than the preemptions contemplated by other federal statutes, such as the Labor Management Relation Act and the Employee Retirement Income Security Act.³ This court is inclined to disagree. The Supreme Court could not have made it any clearer than it did in Franchise Tax Board that Congress has given this court "jurisdiction to hear . . . by removal from state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." 463 U.S. at 27-28.

---

³Title 28 U.S.C. § 1338(a) reads:

    (a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

The court's reading of § 1338(a) is that it applies only if the civil action arises under federal copyright laws, and that it would not apply to an action in which a claim or claims are made under state law that cannot be recharacterized as a claim or claims under federal copyright laws and as to which purely defensive preemption applies.

The court is not suggesting that any of the claims asserted by plaintiff are subject even to a defensive § 301(a) preemption. The court need not resolve that issue, because the removing parties have not demonstrated to the court that any of plaintiff's claims are subject to recharacterization as, or conversion to, a federal claim or a claim arising under federal law, or that any relief sought by plaintiff necessarily depends on resolution of a substantial question of federal law.

The removing defendants assert for the first time in their response to the motion to remand a ground for remand based on the theory that plaintiff's claims are preempted by the Airline Deregulation Act of 1974, 49 U.S.C. § 41713. The court is not evaluating the merit of that contention because, as plaintiff points out in its reply, the assertion of this ground for removal for the first time in the response is untimely. The court is satisfied that the authorities cited by plaintiff at pages 6-7 of its reply in support of its untimeliness argument justify the court's decision not to consider further this ground for removal.

Plaintiff seeks an award of attorneys' fees and costs pursuant to the authority of 28 U.S.C. § 1447(c). The court is not prepared to find that the removing parties did not have an objectively reasonable basis to file the notice of removal.

<u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).
Therefore, the court is not awarding plaintiff attorneys' fees and costs.

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED March 26, 2008.

_____
JOHN McBRYDE
United States District Judge